JOHN G. RIEBEN, Plaintiff, *v.* JAMES R. FRANCIS, Defendant.

(Supreme Court, Chambers of Oneida County Judge, December, 1899.)

Order of arrest — Where there is a conflict as to fraud, defendant cannot procure his discharge by a motion.

> Since the addition, in 1879, of subdivision 4 to section 549 of the Code of Civil Procedure (the section governing the right to arrest a defendant), an allegation of fraud, in contracting a debt, must be stated in the complaint and be tried as an issue in the action; and hence where the pleadings and affidavits, on both sides, raise a conflict as to fraud, the defendant cannot procure his discharge from an order of arrest by moving to vacate the order, as the issue of fraud must be tried at the trial.

THIS is a motion made by defendant to vacate an order of arrest granted in the above-entitled action. The complaint alleges that on or about May 25, 1898, plaintiff and defendant entered into a contract whereby defendant agreed to sell and convey to plaintiff a lot in the city of Utica and that plaintiff agreed to purchase same for $635, as follows: $100 down, balance September 1, 1898, or as much sooner as the final payment shall have been made plaintiff on a contract made by plaintiff with Fannie H.

Francis, of same date. That it was further agreed that upon compliance by plaintiff with the terms of said contract, he should then immediately receive from defendant a warranty deed of the said lot of land, together with an abstract of title showing a good title in defendant to said premises. A copy of the alleged agreement was annexed to and made a part of the complaint.

That on or about said 25th day of May, 1898, at the instance and upon the request of defendant, plaintiff entered into an agreement with one Fannie H. Francis, whom plaintiff, upon information and belief, alleges to be defendant's wife, wherein plaintiff agreed to build a house and furnish materials for her for the agreed price of $1,805, payable as follows: $750 when house is inclosed, primed and ready for plastering; $600 when plastering and plumbing are completed, and balance when house is completed according to contract.

The complaint further alleged that the last $535, to grow due upon the last-mentioned contract, was to be paid to plaintiff by defendant's crediting same upon said land contract and thereupon delivering to plaintiff a deed of same. That to induce plaintiff to enter into said two contracts, defendant falsely and fraudulently represented to plaintiff that he was the owner of said lot; that plaintiff relied upon said representations, etc. That in reliance upon said representations plaintiff paid said $100 in cash and performed said contract with Fannie H. Francis. That plaintiff has demanded said deed, and defendant has refused to deliver the same. That in fact defendant was not the owner of said lot and had no right to contract to sell the same. That said representations were false and known by defendant at the time to be false and were made by defendant with intent to deceive and defraud plaintiff, etc.

Substantially the same facts are set forth also by affidavit of plaintiff. Defendant denies all allegations of misrepresentation, and denies any wrongful intent. He alleges that he had a contract for the purchase of said lot with others from William L. Watson, who was the owner in fee, but denies that there was any agreement to apply upon the land contract any part of payments for erecting the house for Fannie H. Francis.

A. F. Wilkinson, for motion.

F. H. Hazard, opposed.

Supreme Court, December, 1899. [Vol. 29.

DUNMORE, J.   The facts as to fraudulent representations alleged on the part of plaintiff and denied by defendant present an issue as to the right of plaintiff to an order of arrest.   Under the old Code that question was decided by the court or judge upon the pleadings and affidavits the same as the right to a warrant of attachment or an injunction is now.   No evidence of the fraud was given in this class of cases upon the trial.   Prior to 1879, whether a defendant was guilty of fraud in contracting the debt or incurring the liability could be tried only on a motion to vacate the order of arrest.   The same provision in substance was embodied in section 550 of the Code of Civil Procedure when it first became a law in 1877.   In 1879 the Code of Civil Procedure was amended by transferring a portion of subdivision 2 of section 550 to.section 549 as subdivision 4, by which it was intended to change the rule of law so that an allegation of fraud in contracting the debt was required to be made in the complaint and tried as an issue in the action and not as previously, upon affidavits upon motion to vacate the order of arrest.   That is the practice now.   The question whether defendant committed a fraud upon plaintiff should, therefore, be tried the same as any other issue at the trial.   Where the facts alleged, if true, do not show sufficient grounds for granting an order of arrest, the order should be vacated on motion, but where there is a conflict of evidence the fraud becomes a question for the jury to determine the same as the other issues in the case.

The plaintiff alleged facts which, if true, entitled him to recover.   I, therefore, do not think the order of arrest should be vacated, but the question of whether defendant was guilty of fraud should be reserved until the trial.

The motion is denied, with ten dollars costs to plaintiff to abide the event.

Motion denied, with ten dollars costs to abide event.